# McCormack v. The State.

*Indictment for Assault with Intent to Murder.*

1. *Evidence; irrelevancy.*—On a trial for an assault with intent to murder, it is not competent, for the purpose of showing the prosecutor's malice towards the defendant, to introduce evidence that after the assault, one of the prosecutor's relatives tried to have a warrant issued for defendant by a justice of the peace, and, on the latter's refusal, had one issued by the judge of the county court; such evidence being in no way relevant to the offense charged.

2. *Charge to the jury; assault by pupil on teacher.*—Where, on a trial for an assault with intent to murder, the assault is shown to have been made by a pupil on his teacher, while the latter was attempting to enforce order in his school, it is not error for the court to instruct the jury, in the course of his general charge, that "the existence and stability of good government in schools largely depended upon au-

[McCormack v. The State.]

thority, good order and discipline being maintained by the school-master."

3. *Assault with intent to murder; what necessary for conviction.*—On a trial for an assault with intent to murder, when there is evidence of an assault upon the particular person named in the indictment, the determination of the guilt or innocence of the felony necessitates the inquiry, whether, if death had ensued, the offense would have been murder; and to justify a conviction of the felony, the same rules obtain, and the same measure of proof is necessary as in a case of murder, except that it is not necessary to prove that death resulted from the wound.

4. *Infancy; capability of committing an assault with intent to murder.*—The question as to whether a child under the age of 14 years is capable of committing an assault with intent to murder is to be determined by the jury from the evidence in the particular case; and on a trial under an indictment for an assault with intent to murder, where defendant was between 12 and 13 years of age, an instruction to the jury that if "defendant was under 14 years of age, and had only average or ordinary mental capacity, then you must find the defendant not guilty of an assault with intent to murder," is properly refused.

5. *Self-defense; burden of proof as to provoking the difficulty; charge to the jury.*—The burden of proving that the defendant was the aggressor, or that he provoked or encouraged the difficulty, rests upon the State; and a charge, given at the instance of the State, which instructs the jury that "to make out a case of justifiable self-defense, the evidence must show that the defendant did not provoke or encourage the difficulty," is erroneous.

APPEAL from the Circuit Court of Limestone.

Tried before the Hon. H. C. SPEAKE.

The appellant in this case, George McCormack, was indicted and tried for an assault with intent to murder one H. F. Moore; was convicted of an assault with a knife, and fined twenty-five dollars.

The evidence for the State, as is shown by the bill of exceptions, tended to show that the defendant, a boy between 13 and 14 years of age was going to school to the prosecutor, H. F. Moore; that upon being reprimanded for misbehavior in the school room by his teacher, he refused to obey, whereupon H. F. Moore, the teacher, slapped him, that the defendant struck at the said Moore with his knife, which was open in his hand and cut him; that the defendant had previously said to one or two others, that he would cut the said Moore if he whipped him; and that on one occasion he

tried to provoke the said Moore to strike him. The evidence for the State further tend to show that "the defendant was a bright boy for his age and of more than ordinary intelligence." The evidence for the defendant tended to show that at the time of the alleged difficulty, he was a little over 12 years of age, and was very small for his age, weighing only fifty or sixty pounds; that he had always borne a good character, and that he did not have above the average or normal mental capacity of boys of his age; that, "what he said about cutting the prosecutor was in answer to officious parties who told him he ought to be whipped by the prosecutor, and was the idle, meaningless gabble of a small boy and was of no significance;" that on the occasion of the alleged offense the defendant had not misbehaved, but was beating time to music and disturbing nobody; that the prosecutor, without previous intimation struck him on the head with his fist, and on being told by the defendant not to do that again because he had a headache, he knocked the defendant backwards from the bench and fell on him on the floor, where a scuffle ensued, the prosecutor bumping the defendant's head against the floor, and that in the scuffle the prosecutor was cut; that while on the floor the defendant was asked did he intend to cut the prosecutor, to which question the defendant replied that he did not.

The bill of exceptions recites: "As evidence of the malice of the prosecutor towards the defendant the defendant proposed to show that the next morning after the difficulty one Randall Mitchell, a kinsman of the prosecutor, with whom he lived, went five (5) miles after a justice of the peace to come to see the prosecutor about getting out a warrant for the defendant; that the justice came, talked with the prosecutor and declined to issue the warrant; and witness Mitchell further testified that prosecutor knew nothing about his going to the justice, and did not ask him to go. On motion of the State this evidence was excluded by the court, to which ruling of the court the defendant then duly excepted. As further evidence of the prosecutor's malice towards the defendant, the defendant proposed to show that one Randall Mitchell, a kinsman of the prosecutor, with whom he lived, a few days after the justice thus visited the prosecutor, went (10) ten miles, to Athens, to get the county

[McCormack v. The State.]

judge to issue a warrant for the defendant. Witness further stated that prosecutor knew nothing about his coming to see Judge Horton, nor did he come at the instance of prosecutor." On motion of the State, this evidence was excluded by the court, and the defendant duly excepted.

The bill of exceptions contains the following statement : "In the argument of this case the State's attorney contended to the jury that the test of whether the defendant was guilty of assault with intent to murder was, whether, if death had ensued from the wound inflicted by him on the prosecutor, he, the defendant, would have been guilty of murder in the first or second degree." The defendant separately excepted to that portion of the court's general charge which is copied in the opinion ; and also to the following portion of said charge : "In order to determine whether the defendant was guilty of assault with intent to murder, you will look to see whether, if death had ensued, it would have been murder in the first or second degree." The defendant requested the court to give each of the following written charges, and separately excepted to the court's refusal to give each of them as asked : (1.) "If you believe from the evidence that the defendant is under fourteen (14) years of age, and has only average or ordinary mental capacity, then you must find the defendant not guilty of assault with intent to murder." (2.) "In considering the mental capacity of the defendant, if you find he threatened the prosecutor, you will look at his age, intelligence and opportunities, and if you conclude he had only average or ordinary mental capacity of one his age, you will acquit him." (3.) "The question here is, not whether this alleged offense would have been murder if death had ensued, and all the argument of the State's attorney on the question was unfounded." The charge which was given at the request of the State is copied in the opinion.

R. A. McClellan, for appellant.—A school-master, who, in inflicting punishment, acts with ill will, malice or revenge, is deprived of the prerogative of his position, and in such case is guilty of a battery to be resisted as in other cases, if necessary.—*Dean v. The State*, 89 Ala. 46; *Boyd v. The State*, 88 Ala. 169 ; 76 Amer. Dec. 156 ; 57

Amer. Rep. 818 ; 31 Amer. Dec. 416; 75 Amer. Dec. 774 ; 1 Amer. & Eng. Encyc. of Law, 794.

The defendant being under 14 years of age is presumed, until the contrary is clearly and plainly shown, to be incapable of committing a criminal offense.—*Martin v. The State*, 90 Ala. 602 ; 4 Amer. & Eng. Encyc. of Law, 684 ; 70 Amer. Dec. 496.

The court raised a false issue in his charge as to what was necessary to find the defendant guilty as charged in the indictment.—*Meredith v. The State*, 60 Ala. 441 ; *Allen v. The State*, 52 Ala. 391 ; *Ogletree v. The State*, 28 Ala. 693.

Wm. L. Martin, Attorney-General, for the State.—The evidence excluded on motion of the State was clearly irrelevant, and was properly excluded.

That "the existence and stability of good government in schools largely depended upon authority, good order and discipline being maintained by the school master," is an universal and accepted truism; and its statement by the court to the jury is not ground for reversal.—*Horn v. The State*, ante. p. 144 ; *Boyd v. The State*, 88 Ala. 169 ; *State v. Pendergrass*, 2 Dev. &. Bat. Law, 365, 31 Amer. Dec. 416 ; *Patterson v. Nutter*, 78 Me. 509, 57 Amer. Rep. 818; *Lander v. Seaver*, 32 Vt. 114, 76 Amer. Dec. 156.

The charge of the court as to what was necessary to determine whether the defendant was guilty of an assault with intent to murder was free from error and properly given.—*Scitz v. State*, 23 Ala. 43 ; *Meredith v. State*, 60 Ala. 441 ; 1 Wharton Cr. Law, (9th Ed.) , § 641.

The charge requested by the defendant as to his capacity to commit the crime, being between the age of 7 and 14 years, was erroneous. It is not a question of ordinary or average mental capacity. *Martin v. The State*, 90 Ala. 602 ; 1 Bish. Cr. Law, § 390 ; 1 Wharton Cr. Law, § 68; 4 Amer. & Eng. Encyc. of Law, 683, 684.

The charge given at the request of the State, as to what was necessary to make it a case of justifiable self-defense was free from error.—*Cribbs v. State*, 86 Ala. 613; *Hammil v. State*, 90 Ala. 577 ; *Waller v. State*, 89 Ala. 79.

BRICKELL, C. J.—1. The general rule as to the relevancy of evidence is, that circumstances and facts which do not directly tend to the proof or disproof of the

matter in issue are not admissible. If facts or circumstances which are incapable of affording any reasonable presumption in regard to the material inquiry involved in the issue were admitted, trials would be protracted indefinitely ; and that which is of more importance, the attention of the triers of the facts would be diverted from the real issues, and the verdicts rendered could as well be imputed to the evidence which did not relate, as to that which did relate to these issues.—*State v. Wisdom*, 8 Port. 511 ; *Governor v. Campbell*, 17 Ala. 566. It is apparent the evidence proposed to be introduced had no relation to the assault with which the defendant was charged, no connection with it, and could not afford any reasonable presumption or inference of his guilt or innocence ; and we can not doubt was properly excluded.

2. The observation of the court to the jury, in the course of the general charge, that "the existence and stability of good government in schools, largely depended upon authority, good order and discipline being maintained by the school-master," was the expression of a truism, suggested by the facts of the case, and the relation of the assailant and the assailed, at the time and place of the assault charged. We can perceive no just objection to it. There is in it no indication of an opinion as to the facts of the case ; no invasion of the province of the jury. It is often very necessary to assist the jury in an application of the law to the facts of the case, that the court should state generally the rights, duties and relation of the parties ; and when this is done, without any indication of the opinion of the court as to the evidence, or as to the verdict which should be rendered, we can not conceive of injury resulting to either party.

3. The essential element of the statutory offense of an assault with the intent to murder, that which converts it into felony, is the intent to take life of the person assailed. Unless, if the intent had been consummated, the offense would have been murder in the one or the other of its degrees, there can be no conviction of the felony. When there is evidence of the assault upon the particular person named in the indictment, the determination of guilt or innocence of the felony, necessitates the inquiry, whether if death had ensued, the offense would have been murder.—1 Wharton Crim. Law, (9th Ed.), § 641 ; *Lawrence v. State*, 84 Ala. 424 ; *Meredith v.*

*State,* 60 Ala. 441. There are cases in which a killing would be murder, and yet the intent to take the life of the person slain would not exist. An example is given by Chilton, J., in *Moore v. State,* 18 Ala. 532: "As if one from a house top recklessly threw down a billet of wood upon the side walk, where persons are constantly passing, and it fell upon a person passing by and kills him, this would be, by the common law, murder; but if instead of killing him, it inflicts only a slight injury, the party could not be convicted of an assault with intent to murder." And a felonious attempt to kill one person, with malice aforethought, which results in the death of another, would be murder; while a wound inflicted on such other or third person, would not constitute the statutory offense of an assault with intent to murder. In these and similar cases, the inquiry is not involved, whether if death had ensued, the offense would have been murder in either of its degrees, and an instruction to the jury simliar to that which was given in this case would be erroneous.—*Moore v. State, supra.* But when the person assailed is the intended object and victim of the assault; when the inquiry is, whether there was the intent to murder him, the same rules obtain, and the same measure of proof is necessary, as in cases of murder, less the single fact, that to constitute murder, the wound must have proved fatal.

4. The evidence tends to show that at the time of the alleged assault, Moore, the person assailed, was the teacher of a school, of which the defendant, then between the ages of twelve and fourteen, was a pupil. The question was raised in the court below, whether the defendant was of sufficient mental development to be in law capable of committing the offense charged. Two instructions were requested, intended to raise the question, which are substantially the same, adapted to meet each phase of the case; the felony, and the misdemeanor involved in it. The instructions were, that if the defendant was under fourteen years of age, and had only average or ordinary mental capacity, he was entitled to an acquittal. The rule of the common law is, that an infant between the age of seven and fourteen years, is, *prima facie,* incapable of committing a felony. The presumption may be repelled by clear evidence of capacity, and the presumption decreases with the increase of years,

for, as is observed by Mr. Bishop: "There is a vast difference between a child a day under fourteen, and one a day over seven."—*Godfrey v. State*, 31 Ala. 323 ; *Martin v. State*, 90 Ala. 602. To an infant between the ages of seven and fourteen, the maxim, *Malitia supplet ætatum*—malice supplies the want of age—applies. Malice is here used in its legal sense, and means the doing of a wrongful act intentionally, without just cause or excuse. —Broom's Legal Maxims, (8th Ed.), 316. The inquiry is, not whether the accused is of the average capacity of infants of his years, or above or below it. That he is the one or the other is doubtless a fact which the jury ought to consider in determining whether he had the knowledge and discretion requisite to legal accountability. It is the strength of the understanding and judgment of the delinquent, which is in issue, and which the jury are to consider. The presumption of immunity proceeds, we suppose, on the theory that the infant is of the average capacity of one of his years, and the inquiry for the jury is, whether it is clearly shown that in the particular transaction, intelligently, he intended the doing of a wrongful act. If this be clearly shown, the presumption is repelled and legal accountability attaches. The instructions requested on this subject were properly refused.

5. At the instance of the State, the court instructed the jury, that "to make out a case of justifiable self-defense, the evidence must show that the defendant did not provoke or encourage the difficulty." As we interpret this instruction, it asserts that to make the plea of self-defense available, there must be affirmative proof that the defendant "did not provoke or encourage the difficulty." A corollary would be, that if there was no evidence as to who provoked the difficulty, the plea of self-defense is not available. The burden of proving that the defendant was the aggressor, or that he provoked or encouraged the difficulty, rests upon the State ; and if in reference to the fact there be no testimony, or if the testimony be not sufficient to satisfy the jury beyond a reasonable doubt, then the plea of self-defense, if otherwise made good, is not affected by the absence of this rebutting proof.—*McDaniel v. State*, 76 Ala. 1; *Cleveland v. State*, 86 Ala. 1 ; *Wilkins v. State*, 98 Ala. 1. There was error in the giving of this instruction.

Reversed and remanded.