# Mooring *v.* The State.

## *Indictment for Burglary.*

1. *Organization of jury; challenge of juror for cause.*—On the trial of a criminal case, where a juror has been accepted by the State and the defendant and sworn, he can not, without the consent of the defendant, be set aside on application of the State and challenged for cause existing when he was sworn in, although such cause was not discovered until after he had been accepted and sworn.

2. *Same; same; case at bar.*—On a trial under an indictment for burglary, the jury was made up from the regular jurors in attendance for the week, and had been accepted by the State and the defendant and been sworn. The indictment had been read to the jury and the defendant pleaded not guilty thereto. In swearing the witness, it developed that one of the jurors was summoned as a witness. Thereupon the solicitor, after stating to the court that he did not know that said juror was a witness, asked leave of the court to withdraw the State's acceptance of such juror, and that the State be allowed to challenge him for cause. The defendant objected to this being done, but the court overruled the objection and allowed the State to withdraw its acceptance of the said juror and to challenge him for cause. *Held*: That it was error to allow said juror to be set aside, on application of the State and challenged for the cause stated without the consent of the defendant.

3. *Former jeopardy; must be specially pleaded*—Former jeopardy must be specially pleaded and can not be given in evidence under the general issue, nor can the fact that the defendant had been in former jeopardy be raised for the first time on appeal in the Supreme Court.

APPEAL from the Circuit Court of Dale.

Tried before the Hon. A. A. EVANS.

The appellant in this case was indicted and tried for burglary and was sentenced to the penitentiary for five years. The only question presented for review on the present appeal is the ruling of the trial court in the organization of the jury. The facts in reference to such ruling are stated in the bill of exceptions as follows: "The court asked the jury if either of them were related by blood or marriage to the defendant or to W. G. Smith, the person whose property was alleged to have been stolen. The jury was then put upon the State for acceptance or rejection and the State accepted the jury. The jury was then put upon the defendant, who excused some, and the court had jurors called from the other jury to complete the jury for the trial of defendant. And a jury was finally accepted by both the State and the defendant. Upon the jury so selected was one C. A. B. Edwards, who asked that he be excused from serving on the jury for the trial of defendant because both the defendant and W. G. Smith, whose lard was alleged to have been stolen, had lived on his plantation formerly and he felt like he had partly raised them. The State announced that it was satisfied with Mr. Edwards, notwithstanding the facts mentioned by him, and the defendant also announced satisfied. The solicitor then read the indictment to the jury, and the defendant pleaded not guilty. And the court ordered that the witnesses for the State and for the defendant come around and be sworn. Thereupon the said C. A. B. Edwards, among others, came around to be sworn as a witness for the defendant. The solicitor then stated to the court that he did not know until then that the said Edwards was a witness for the defendant and asked leave of the court to withdraw the State's acceptance of the said Edwards as a juror for the trial of this cause, and that the State be allowed to challenge him for cause. The defendant thereupon duly objected to this being done. The court overruled the objection of the defendant and allowed the State to withdraw its acceptance of the said juror Edwards, and to challenge

him for cause. The defendant then and there duly excepted. The court then ordered the sheriff to bring around another juror from the other jury to complete the jury rendered incomplete by the challenge of said juror Edwards, which was done, and the jury were accepted by both the State and the defendant, and the jury was thus completed. The solicitor again read the indictment to the jury and the trial proceeded."

SOLLIE & KIRKLAND, for appellant.

CHAS. G. BROWN, Attorney-General, for the State.

HARALSON, J.—The juror, Edwards, had been sworn; the jury for the trial had been made up from the regular juries in attendance for the week, and said juror had been accepted by the State and the defendant; the indictment had been read to the jury, and the defendant pleaded not guilty thereto. After this, the juror should not have been set aside on the application of the State and challenged for the cause stated, and his place filled by another, without the consent of the defendant.—*Smith v. The State*, 55 Ala. 1; *Sparks v. The State*, 59 Ala. 82; *Rash v. The Sate*, 61 Ala. 90; *Roberts v. The State*, 68 Ala. 515; *Henry v. The State*, 77 Ala. 75; *Daniels v. The State*, 88 Ala. 220.

As appears, the trial was proceeded with, without objection on the part of the defendant, with the jury as completed by the substitution of another in the place of the juror withdrawn and challenged. If, under the facts stated, the defendant was placed in jeopardy before the withdrawal of said juror, and his withdrawal operated a discharge of defendant, if former jeopardy had been properly pleaded, still, the defendant did not plead his alleged former jeopardy; and, if it existed and might have been pleaded, it cannot be here, for the first time raised. Former jeopardy must be specially pleaded, and cannot be given in evidence under the general issue.—*Baysinger v. The State*, 77 Ala. 60; *De Arman v. The State*, Ib. 10.

Whether by proceeding with the trial, without ob-

jection by defendant, after, as alleged, he had been previously put in jeopardy, he did not waive the privilege of pleading that fact, thereafter, is a question we do not care at this time consider or decide.

For the error indicated, let the judgment and sentence of the circuit court be reversed.

Reversed and remanded.