# Harris, *et al. v.* The State.

## *Murder.*

(Decided June 6, 1913. 59 South. 205.)

1. *Jury; Challenge; Cause.*—When seasonably made the fact that a juror served on the grand jury finding the indictment, is ground for challenge for cause.

2. *Same; Time.*—A challenge of a juror for cause on the ground that he had served on the grand jury finding the indictment may only be made before the jury is sworn, as the administration of the oath is the commencement of the trial; and where each juror stated on his examination that he had not served on the grand jury, and the jury was then sworn and a juror then stated that he was on the grand jury finding the indictment, a challenge for cause, was properly overruled because made too late.

3. *Homicide; Evidence; Admissions.*—Where two persons were jointly indicted and tried for murder, testimony that one of defendants, in the absence of his co-defendant, had made threats against deceased shortly before the killing, was admissible as against such defendant, and a general objection by his co-defendant, was properly overruled.

4. *Same.*—Where the evidence showed that defendant shortly before the killing declared that he would not fight decedent with his fist, but would go home and come back to settle with him, and that he went home and came back in about thirty minutes with a pistol, accompanied by a third person with a knife, and that the third person engaged deceased in a conversation while defendant shot him, such declaration of defendant was admissible not only as showing a threat, but as shedding light on the purpose of defendant in going home, and proving that his purpose was to get a pistol and return and kill decedent.

5. *Same.*—Where the evidence showed that a defendant engaged decedent in a conversation using opprobrious words, while his co-defendant shot him, evidence that a few minutes after the shooting, defendant, when asked to help put decedent on a bed and remove him to his house, stated that he would not help and that a man who would tell a lie ought to be shot, was admissible as connecting defendant with the offense.

6. *Same; Persons Liable; Conspiracy.*—Where a community of purpose to kill is formed by two persons just before the act of killing, there is a sufficient combination between them to support a conviction of both for murder.

7. *Same; Aider and Abettor.*—One present, aiding and assisting another, who shoots and kills another person is guilty of murder though there was no pre-arrangement between them.

8. *Criminal Law; Verdict; Presence of Accused.*—A judgment entry which recites that on a designated day defendants, each in his proper person, and accompanied by counsel, came before the court, and that issue being joined on their plea of not guilty, a jury was empanneled which returned a verdict, and on the same date defendants and each of them being present in open court was sentenced, sufficiently shows the presence of defendant at the time the verdict was rendered.

9. *Evidence; Res Gestae.*—Where evidence of an act is competent and is admitted, declarations accompanying and characterizing the act are admissible as a part of the res gestæ.

10. *Charge of Court; Ignoring Evidence.*—Charges which predicate an acquittal on parts of the evidence and ignore other parts of the evidence, are properly refused.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Frank Harris and Will Jones were convicted of murder, and they appeal. Affirmed.

The facts sufficiently appear from the opinion. The judgment entry recites that "on December 11, 1911, came the solicitor, who prosecutes for the state, and the defendants, each in his own proper person and by attorney. [Here follow certain motions for a severance, to quash the venire, etc., all of which were overruled.] And on December 13, 1911, issue having been joined upon defendant's plea of not guilty, came a jury of good and lawful men, to wit: [Here follow the verdict, etc.]. And on the same day it is recited that "thereupon defendants, and each of them, being present in open court, and being asked if either of them had anything to say why the sentence of the law should not now be pronounced," etc., followed by the judgment of the court.

The following charges were refused to the defendant: (4) Set out in the opinion. (10) "The court charges the jury that the state must prove beyond a reasonable doubt that a conspiracy existed between Will Jones and Frank Harris to take the life of John Bailey, before Will Jones could be convicted in this case of either degree of murder." (13) "The court charges that, un-

[Harris, et al. v. The State.]

less you believe beyond all reasonable doubt and to a moral certainty that Will Jones and Frank Harris agreed and conspired to take the life of John Bailey, then you cannot convict Will Jones of either degree of murder or manslaughter." (14) "The court charges the jury that a probability that there was no conspiracy between these defendants to take the life of said Bailey, this is sufficient to raise a reasonable doubt as to the conspiracy, and you should acquit Will Jones."

POWELL, FINCH & PEEBLES, for appellant. No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The jury was accepted, and it was then within the discretion of the court to permit the acceptance to be withdrawn.— *Henry v. State*, 77 Ala. 75; *Daniels v. State*, 88 Ala. 220. The state is not permitted to challenge for cause after the jury is sworn without the consent of defendant.—*Mooring v. State*, 129 Ala. 66. The juror was properly challenged for cause, if the challenge had come in time.—*Smith v. State*, 55 Ala. 1. The cases cited by defendant do not conflict with the cases above stated. The recitals of the minute entry sufficiently show the presence of defendant when the jury returned their verdict.—*Cawley v. State*, 133 Ala. 128. The court did not err in the admission of testimony.—*Steele v. State*, 83 Ala. 20; *Becham v. State*, 100 Ala. 15; *Huffman v State*, 130 Ala. 89; *Bush v. State*, 136 Ala. 85. Counsel discuss charges refused, but without citation of authority.

DOWDELL, C. J.—In examining the jurors touching their qualifications, the court, among other things,

asked each of them if he was upon the grand jury which found the indictment, which question was uniformly answered in the negative. After the jurors had been qualified, and a jury of 12 selected and impaneled in accordance with the statute, and after the jury thus selected had been sworn and the indictment read to them, one of the jurors so impaneled stated to the court that, after seeing the defendants and his memory being refreshed, he was on the grand jury that found the indictment; whereupon the defendant challenged said juror for cause. The court overruled the said challenge and declared him a competent juror, and also overruled defendant's objection to going to trial with the jury so impaneled, to which the defendants excepted.

That a juror served on the grand jury finding the indictment is good ground for challenge for cause when seasonably made.—*Birdson's Case,* 47 Ala. 68; *Finch's Case,* 81 Ala. 41, 1 South. 565.

Such challenge for cause may be made at any time before the jury is sworn, but after a juror has been impaneled and sworn to try the issue he cannot be challenged or excused except by consent, or for a cause originating since he was sworn. The administration of the oath is the commencement of the trial—the submission of the issue to the jury.—*Speigner v. State,* 62 Ala. 383; *Roberts v. State,* 68 Ala. 515; *Mooring v. State,* 129 Ala. 66, 29 South. 664; *Smith v. State,* 55 Ala. 1; *Henry v. State,* 77 Ala. 75. "Until the cause is opened or put to the jury, which may be considered usually as done when the jury is sworn, it is within the discretion of the court to permit an inadvertent acceptance of a juror to be withdrawn."—*Daniels v. State,* 88 Ala. 220, 7 South. 337; *Murray v. State,* 48 Ala. 675; *Henry v. State,* 77 Ala. 75. The challenge in this case came too

late, and the court below commited no error in disregarding it.

The defendants, Frank Harris and Will Jones, were jointly indicted and jointly tried for the murder of one John Bailey. Over the objection of the defendants, the court permitted the state to prove by the witness Armstead a declaration in the nature of a threat made by defendant Harris to the deceased shortly before the shooting; the defendant Jones not being present. The contention is that this was error because no evidence had been introduced tending to show a conspiracy existing between the two defendants at the time the declaration was made, and that therefore it was not admissible as against Will Jones. The objection was interposed in behalf of both defendants, and no request was made of the court to limit the evidence to the case as against Harris. The evidence was clearly admissible as against defendant Harris, and the defendant Jones could not interpose a general objection which would keep out of the case entirely evidence clearly admissible as against his codefendant. The court will not therefore be put in error for overruling the objection of the defendants. While, at the time this evidence was admitted, the testimony tending to show a conspiracy between the defendants was very shadowy, evidence was subsequently introduced from which the jury might infer that such conspiracy existed, though perhaps not at the time the declaration was made.

The declaration testified to was to the effect that he (the defendant Harris) would not fight the deceased with his fists, but would go home and come back to settle with him. The evidence further tended to show that he went home and came back in about 30 minutes with a pistol, being accompanied by defendant Jones, who had a knife, and that Jones engaged the deceased

in a conversation, using opprobrious words, while the defendant Harris shot him with the pistol. The declaration of Harris was not only in the nature of a threat, but tended to prove that the purpose of his leaving was to get the pistol and return and use it in "settling" with the deceased.

As was said in the case of *Campbell v. State*, 133 Ala. 87, 31 South. 804, 91 Am. St. Rep. 17: "Whenever evidence of an act is in itself competent and admissible as a material fact in the case, and is so admitted, the declarations accompanying and characterizing such act become and form a part of the res gestæ of the act, and as such are competent and admissible in evidence as being explanatory of the act." See, also, *Maddox v. State*, 159 Ala. 53, 48 South. 689.

No doubt if the court had been requested to instruct the jury to consider this evidence as to Harris' declaration only as against him, the request would have been granted, but no such request was made, and the court below cannot be put in error for refusing to exclude the testimony, which was manifestly admissible as to Harris.

The testimony of the witness Bryant that a few minutes after the shooting Jones was asked to help to put the wounded man upon a bed and remove him to his house, and he replied that he would not help, "That a man who will tell a lie ought to be shot," in the light of circumstances tending to connect him with the commission of the offense was admissible as an inculpatory statement; the witness having been qualified as to intimidations or inducements. Any uncertainty as to the exact time the statement was made was cured by the facts brought out on cross-examination.

The recitals in the minute entry sufficiently show the presence of the defendants when the verdict of the

jury was returned.—*Cawley v. State*, 133 Ala. 137, 32 South. 227.

Charge 4, refused to defendant, was in the following language: "The court charges the jury, that, before you can convict Will Jones, you must believe beyond· a reasonable doubt that he and Frank Harris went down there with the intention of killing John Bailey." This charge, in effect, instructs the jury that they could not convict Will Jones although he might have been present at the time and aided or abetted in the killing. The charge is palpably bad.

Charge 10 requires the state to prove a conspiracy between Will Jones and Frank Harris to take the life of John Bailey before Jones could be convicted of any degree of murder. This charge might have misled the jury into believing that the state must prove an express prearrangement between the defendants to take Bailey's life in order to sustain the conviction of Jones, whereas such community of purpose need not be proved expressly by positive testimony; it rarely is so proved. It would have been sufficient if such community of purpose were formed on the spur of the moment, just before the act was committed.

Furthermore, if Jones was present, encouraging, abetting, or assisting the active participant in the commission of the offense, as the evidence tended to show, he would be a guilty participant in the eye of the law, although there was no prearrangement between the parties.—*Morris' Case*, 146 Ala. 88, 41 South. 274; *Way v. State*, 155 Ala. 52, 46 South. 273; *Jones v. State*, 174 Ala. 53, 57 South. 31; Clark's Crim. Law, 86-87; *Ferguson's Case*, 149 Ala. 24, 43 South. 16.

For the same reasons charge 13, which required the state to prove that the defendants "agreed and conspired" to take the life of the deceased, was misleading,

and was properly refused; as was also charge 14, which predicated an acquittal of Jones upon a reasonable doubt as to whether a conspiracy had been formed. The remaining refused charges are patently bad and need not be considered at length. We find no error in the record.

Affirmed. All the Justices concur.