# Graham v. The State.

## Assault and Battery.

(Decided June 16, 1914.    65 South. 717.)

1. *Criminal Law; Former Jeopardy; Pleading.*—To be available the defense of former jeopardy, must be specially pleaded.

2. *Same; What Constitutes.*—Where a defendant was tried before the county judge on an affidavit and warrant charging him with an assault with intent to murder, and was bound over to await the action of the grand jury, such hearing did not constitute former jeopardy, which after the conviction in the circuit court for assault and battery could be set up by plea in arrest of judgment, on the theory that the county court was possessed of jurisdiction to finally dispose of the charge, as the charge being that of a felony, the county court had no jurisdiction except to sit as a committing magistrate.

3. *Same; Jurisdiction.*—It is the offense charged which determines the grade of the offense, and the jurisdiction of the county judge to proceed with the trial or to sit merely as a committing magistrate.

4. *Appeal and Error; Review; Questions Presented.*—No question is presented for review where the record merely showed an objection by the state to a question, and an exception reserved thereto by counsel for defendant; no action of the court being shown thereon.

5. *Assault and Battery; Evidence.*—Evidence of circumstances which do not tend to prove or disprove the matters in issue are properly excluded.


APPEAL from St. Clair Circuit Court.

Heard before Hon. JAMES E. BLACKWOOD.

Thomas D. Graham was convicted of assault and battery and he appeals.    Affirmed.

M. M. & VICTOR H. SMITH, for appellant.    The court erred in overruling appellant's motion in arrest of judg-

ment.—Sec. 7585, 7587, Code 1907; *Blevins v. State,* 134 Ala. 213; *Moore v. State,* 71 Ala. 302; *Ex parte Pruett,* 99 Ala. 225; *Jackson v. State,* 136 Ala. 100; *Stovers v. State,* 129 Ala. 101; *Gunter v. State,* 111 Ala. 23; *Brown v. State,* 105 Ala. 117; *Ex parte Crawlin,* 92 Ala. 101; *Kent v. State,* 86 Ala. 604.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State.

PELHAM, J.—The defendant was indicted for an assault with intent to murder and was convicted of an assault and battery, whereupon he moved in arrest of judgment, setting up as grounds facts relied upon as showing former jeopardy.

The facts set up as grounds for the motion are without contradiction and show that, prior to the finding of the indictment upon which he was tried, the defendant had a hearing before the county judge on an affidavit charging him with an assault with intent to murder and was bound over under bond to await the action of the grand jury. The offense charged in the indictment and the affidavit grew out of the same transaction, and, the jury having found the defendant guilty of an assault and battery (a misdemeanor), it is urged that, as the county judge had final jurisdiction to try and determine misdemeanor cases on the merits, he had no jurisdiction to bind the defendant over to answer the charge against him, and that, as it was the duty of the county judge to try and render final judgment in the case, the defendant has been in jeopardy.

In the first place, it is an answer to this contention that former jeopardy must be specially pleaded (*Mooring v. State,* 129 Ala. 66, 29 South. 664; *DeArman v. State,* 77 Ala. 10); and, in the second place, the charge

against the defendant in the affidavit was one denounced as a felony in which the county judge only had jurisdiction to sit as a committing magistrate, and was not a court of competent jurisdiction to try and determine on its merits to a final conclusion the charge preferred—a felony, of which it had no final jurisdiction. It is the charge that determines the jurisdiction of the court. The cases cited and quoted from by appellant (*State v. Blevins,* 134 Ala. 213, 32 South. 637, 92 Am. St. Rep. 22, and *Ex parte Pruitt & Harper,* 99 Ala. 225, 13 South. 317) but tend to illustrate what we have said. The affidavits or complaints upon which the defendants were tried in those cases charged offenses that were misdemeanors which the judge or magistrate had jurisdiction to try and render final judgments in.

No attempt is shown to have been made to subdivide or split up the crime charged against the defendant, and prosecute him for different crimes based on the same criminal act, as in the case of *Moore v. State,* 71 Ala. 307, cited by the appellant. On the contrary, the state is shown to have consistently prosecuted the defendant for the greater offense. The county judge bound the defendant over to answer that charge, he was indicted and tried on it, and the fact that the jury acquitted him of the greater offense, with which he was charged, and found him guilty of the lesser (a misdemeanor), of which the county judge had jurisdiction, does not carry with it as a result that he has been placed in jeopardy the second time for the lesser, for as to that charge he had never been in legal jeopardy—had not before been put upon his trial on that issue before a court of competent jurisdiction entitling him to a finding of guilt or innocence.

The question asked the state's witness Marvin Shunbett by defendant's counsel, "If he needed his gun with

him on that occasion, to move the cotton out of the warehouse," is clearly objectionable; but no ruling of the court is shown to have been made on the state's objection. It is only shown that "counsel for the state objected to said question and defendant excepted."

Whether or not the assaulted party, a short time before the difficulty, made inquiries of an unnamed negro and the defendant's witness Bud Hamby, as to whether a Mr. Graham, the father of the defendant, was in his store, and if he was busy, was not relevant to the issues before the court, and the exclusion of that testimony would not authorize a reversal of the case. Circumstances which do not directly tend to prove or disprove the matters in issue are not admissible.—*McCormack v. State,* 102 Ala. 156, 161, 15 South. 438.

We find no reversible error in the record, and the judgment appealed from will be affirmed.

Affirmed.