# Dempsey *v.* The State.

### Assault With Intent to Murder.

(Decided September 7, 1916.   72 South. 773.)

1. **Assault with Intent; Evidence; Res Gestae.**—Where the prosecution was for an assault with intent to murder, testimony that defendant, during or just after the difficulty, called to his wife to bring him a gun, that he had killed one man and was going to kill another, was admissible as a part of the res gestae, being part of and explanatory of the circumstances attending defendant's pursuit of the assaulted party at the termination of the main difficulty in which the cutting took place.

2. **Same.**—Such evidence was also admissible as tending to show defendant's hostility towards the assaulted party.

3. **Appeal anad Error; Harmless Error; Evidence.**—The admission of acts of defendant in seeking to get witnesses to testify in his favor were harmless, where his statements to them were not capable of being construed as an effort on his part to suppress the truth.

4. **Evidence; Declarations of Defendant.**—The statements of a defendant during his efforts to procure witnesses, capable of being construed as an effort on his part to suppress the truth, were admissible to be considered in connection with any explanation he might offer of an innocent meaning or intention on his part.

5. **Appeal anad Error; Review; Record.**—Acts 1915, p. 815, require certain proceedings in the lower court, such as the general and refused and given charges, to be made a part of the record proper, and such proceedings are not reviewable where they appear only in the bill of exceptions.

6. **Assault with Intent to Murder; Evidence.**—While not every assault which would be murder if it resulted in death, is an assault with intent to murder, yet when such an assault is made upon a particular person, the inquiry may be properly confined to the question whether the crime would have been murder, if the assault had resulted fatally.

7. **Charge of Court; Construction.**—The oral charge of the court must be considered in its entirety.

8. **Assault with Intent to Kill; Malice; Presumption.**—Where a deadly weapon is used to take life, the law presumes malice from its use unless the evidence which shows the killing refutes that presumption.

9. **Same; Attempt.**—A charge that no blow, cut or other action could amount to an assault with intent to murder unless defendant thought he had the means with which to take life, and was making an effort to use such means on the assaulted party, was misleading and calculated to impress

the jury that defendant must have a specific or positive intent to take life before being guilty of the offense.

**10. Same.**—If the means chosen be not adapted to the end, this furnishes a strong, though not conclusive, inference that there was no intent to kill; intention being a state of mind not susceptible of direct or positive proof.

**11. Same; Provocation.**—A charge asserting that defendant could not be found guilty unless he was at fault in bringing on the difficulty with the person assaulted, ignores the duty to retreat and the proposition of imminent peril.

**12. Same; Fault.**—A defendant may be at fault in bringing on the difficulty by provoking the other party to readily enter into the combat at the time with him by some act or word of his.

**13. New Trial; Criminal Case; Discretion.**—Where it did not appear that any action of the trial court was invoked because of the applause of spectators before entering upon the trial, and where defendant did not move for a continuance upon that ground or ask any other ruling presenting anything more than the matter of the discretion of the court, the denial of his motion for a new trial cannot be said to be an abuse of discretion.

**14. Same; Newly Discovered Evidence.**—Where the motion is based on newly discovered evidence, due diligence on the part of defendant is essential to favorable action on his motion for new trial.

**15. Same.**—In considering the evidence alleged to have been discovered after the trial, and made the basis for a motion for new trial, the court properly considered it together with the evidence on the trial which was in the breast of the court for that purpose.

APPEAL from Gadsden City Court.

Heard before Hon. JAMES A. BILBRO.

A. J. Dempsey, alias "Bird" Dempsey, was convicted of an assault with intent to murder, and he appeals. Affirmed.

The person assaulted was one Wilson, and the weapon used was a knife. The other facts sufficiently appear. The following are the charges refused to defendant as noted in the opinion:

(1) The court charges the jury that no blow, cut, or other action on the part of Dempsey could amount to an assault with intent to murder, unless Dempsey thought he had the means with which to take life, and unless Dempsey was making an effort to use such means on Wilson.

(2) The court charges the jury that they cannot find the defendant guilty unless they believe from the evidence beyond a reasonable doubt that Dempsey was at fault in bringing on the difficulty with Wilson.

(3) The court charges the jury that if Wilson readily entered the combat at the same time with Dempsey, then Dempsey cannot be said to have been at fault in bringing on the difficulty.

[Dempsey v. The State.]

CULLI & MARTIN, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

PELHAM, P. J.—The defendant was tried and convicted of an assault with intent to murder.

(1) There is no error shown in the Court's ruling in permitting the state to show by its witness Luther Wilson the declaration made by the defendant during, or just at the termination of the difficulty, to his wife, "to bring his gun; that he had killed one man [applying a vile epithet] and was going to kill another." This evidence was competent, and clearly admissible as part of the res gestæ of the transaction, and was, in fact, part of and explanatory of, the circumstances attending the pursuit of the injured party by the defendant at the termination of the main difficulty when the cutting took place, and this part of the transaction had been admitted in evidence without objection as part of the main transaction. The following authorities will be found to support the holding that the defendant's declaration was admissible as part of the res gestæ: Campbell v. State, 133 Ala. 81, 31 South. 802, 91 Am. St. Rep. 17; Maddox v. State, 159 Ala. 53, 48 South. 689; Harris v. State, 177 Ala. 22, 59 South. 205.

(2) The declaration was also admissible for the purpose of showing the hostility of the defendant towards the injured party.—Smith v. State, 183 Ala. 10, 62 South. 864.

(3, 4) The acts of the defendant in seeking to get witnesses to testify in his favor were properly admitted. If the defendant's statements to these witnesses were not capable of construction as being an effort upon his part to suppress the truth, or pervert the course of justice, the admission of this testimony was not of a harmful or injurious nature that would constitute reversible error; and, if they were, they were properly admitted to be considered by the jury in connection with any explanation the defendant might offer of an innocent meaning or intention upon his part.—Smith v. State, 183 Ala. 10, 62 South. 864.

(5) The refused charges requested in writing by the defendant and the general charge of the court are not set out in the record, as required by the provisions of the act of the Legislature approved September 25, 1915 (Acts 1915, p. 815), but are incorporated only in the bill of exceptions. Under the rulings of the Supreme Court in quite a long line of cases, holding that the pro-

ceedings of the lower court that are required to be made a part of the record proper are not reviewable when they appear only in the bill of exceptions, it might be that since the enactment above referred to, requiring the general and refused and given charges to be made a part of the record proper, in the condition of this transcript, the general and refused charges, not being set out in the record, are not presented for review. But, however that may be, we have examined these charges, and, finding no reversible error, we review them without extended detail discussion.

(6) It is true that not every assault which would be murder if it resulted in death is an assault with an intent to murder. But when the assault is upon a particular person, as in the instant case, the inquiry may properly be confined to the question whether or not the crime would have been murder if the assault had resulted fatally; and the exception to the court's oral charge on this point is not well taken.—*McCormack v. State*, 102 Ala. 156, 15 South. 438; *Walls v. State*, 90 Ala. 618, 622, 8 South. 680.

(7, 8) Considering the court's oral charge in its entirety, as is the well-known rule (*McNeill v. State*, 102 Ala. 126, 15 South. 352, 48 Am. St. Rep. 17), it is a fair exposition of the law as applied to the facts of the case, and excerpts to which exceptions were reserved, when read in the connection in which they occur, do not show error. As an example, it is urged that the court committed reversible error in charging ex mero motu: "If a deadly weapon is used to take life, the law presumes malice from its use."

When we refer to the charge as set out as a whole, we find that this was only part of a sentence, the entire sentence reading: "If a deadly weapon is used to take life, the law presumes malice from its use, unless the evidence in the case refutes that presumption."

This is a correct statement of the law.—*Hornsby's Case*, 94 Ala. 55, 10 South. 522. Other excerpts excepted to, when read with the charge in its entirety, are without fault.

(9, 10) The first written charge set out as having been refused to the defendant was misleading, and calculated to impress the jury with the belief that the defendant must have a specific or positive intent to take life before he would be guilty of an assault with intent to murder.—See *Walls v. State, supra.* An intent is a state of the mind, and not susceptible of direct or

[Dempsey v. The State.]

positive proof.  If the means chosen are not adapted to the end, it furnishes a strong, but not conclusive, inference that there was no such intent.—*Smith's Case,* 8 Ala. App. 205, 206, 62 South. 575.

(11) The second charge ignores the duty to retreat and imminent peril.—*Ellis v. State,* 105 Ala. 72, 17 South. 119.

(12) The third charge is patently bad.  Dempsey could have been at fault in bringing on the difficulty by provoking Wilson to "readily enter the combat at the same time" with him by some act or word of his.

(13) The matters considered practically dispose of all the matters presented for review here on defendant's motion for a new trial, and the trial court properly denied that motion.  It is not shown that any action of the trial court was invoked because of applause indulged in by spectators in the courtroom before entering into the trial of the case.  It does not appear that the defendant moved for a continuance on this account, or sought any other ruling of the trial court presenting for review here anything more than a discretionary action in passing on this ground of the motion for a new trial, and no abuse of that discretion is shown.

(14, 15) The ground based on newly discovered evidence in no way negatives the fault of defendant in not sooner discovering this evidence.  Due diligence of the defendant is essential in asking favorable action on such showing.  The court, in considering the evidence which is alleged to have been discovered after the trial of the case, considered it together with the evidence on the trial, which was in the breast of the court for that purpose (*Moneagle & Co., et al. v. Livingston,* 150 Ala. 562, 43 South. 840), and reached the conclusion that the evidence did not justify granting a new trial.  In this conclusion we concur.

Affirmed.