(77 South. 432)

**ALABAMA GREAT SOUTHERN RY. CO. v. LAWRENCE. (6 Div. 105.)**

(Court of Appeals of Alabama. Dec. 18, 1917.)

**1. CARRIERS ☞275 — CARRIAGE OF PASSENGERS—COMPLAINT—SUFFICIENCY.**

A complaint alleging that defendant was a common carrier of passengers for hire, that plaintiff became a passenger from one station to another on a train scheduled to stop at the latter station, that defendant's conductor or other employé took up and received her ticket for which she had paid defendant the fare, but that defendant's conductor or other employés whose duty it was to give reasonable notice to passengers of the arrival of the train at the latter station failed to give plaintiff reasonble notice, and for that reason plaintiff did not leave the train, and was carried beyond her destination, being put off in the nighttime at a station some ten miles distant, by reason of which she suffered injuries, stated a good cause of action.

**2. APPEAL AND ERROR ☞699(2)—INSTRUCTIONS—REFUSAL.**

Assignments of error predicated on the giving or refusing of written charges cannot be reviewed under Gen. Acts 1915, p. 815, where the charges do not appear in the record proper.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Tuscaloosa County Court; H. B. Foster, Judge.

Action by Mrs. N. J. Lawrence against the Alabama Great Southern Railway Company for damages for carrying her past her destination. Judgment for plaintiff and defendant appeals. Affirmed.

Count 8 sets up the fact that defendant is a common carrier of passengers for hire between the stations of Coaling and Tuscaloosa, in Tuscaloosa county, Ala., and that on December 21, 1912, plaintiff became a passenger from Tuscaloosa to Coaling, scheduled to stop at said last place; that defendant's conductor or other employé took up and received from plaintiff her said ticket from Tuscaloosa to Coaling, for which she had paid defendant the fare between said points, and defendant's said conductor, or other employé, whose duty it was to give reasonable notice to passengers of the arrival of the said train at said station, failed to give plaintiff reasonable notice of the arrival of said train at Coaling, and because of her not having reasonable notice of the arrival of said train at Coaling, plaintiff did not leave the train at that point, but defendant's agents or agent in charge of said train carried plaintiff past Coaling to Woodstock, another station on defendant's road ten miles beyond Coaling, and there put plaintiff off said train at Woodstock in the nighttime, and by reason of which plaintiff was caused to suffer the following injuries and damages (here follows catalogue).

A. G. & E. D. Smith, of Birmingham, for appellant. Jones & Person, of Tuscaloosa, for appellee.

BRICKEN, J. This was an action brought by plaintiff against the defendant to recover damages for the alleged negligence of the defendant, a common carrier of passengers, in carrying her by the station of Coaling, her home, and her destination upon this occasion, and to which as a passenger her transportation had been paid.

[1] Count 8 of the complaint, upon which the case was tried, states a good cause of action, and the case was properly submitted to the jury on a question of fact; the substantial controversy in the case being whether or not the station was properly announced in that portion of the train in which the plaintiff was riding. On this question the evidence was in sharp conflict. The jury found in favor of the plaintiff. Motion was made for a new trial upon the grounds, among other things, that the verdict was contrary to the great preponderance of the evidence, which motion was overruled; and this ruling constitutes one of the assignments of error. There is nothing in the case to lead us to a conclusion that, under the rules of law governing reviewing courts, we should disturb the lower court's ruling on the motion for a new trial.

[2] The other assignments of error which are properly presented are predicated upon the rulings of the court upon the evidence, and after a careful examination of each of these questions, we are not of the opinion that error appears which would probably injuriously affect the substantial rights of the parties. The giving of written charge 1 for the plaintiff and the refusal of written charge 8 requested by the defendant are also assigned as error. These charges do not appear in the record proper; therefore the assignments of error predicated upon them are not reviewable. General Acts 1915, p. 815; Dempsey v. State, 15 Ala. App. 199, 72 South. 773; Carter v. State, ante, p. 184, 76 South. 468; Pilcher v. State, ante, p. 237, 77 South. 75; Southern Ry. Co. v. Propst & Duckworth, ante, p. 186, 76 South. 470; Malone v. State, ante, p. 185, 76 South. 469.

The judgment appealed from is affirmed.

Affirmed.