# Soulis, *et al. v.* Sternfeld.

### *Ejectment.*

(Decided May 30, 1912. 59 South. 56.)

*Ejectment; Damages; Review.*—Where there is no bill of exceptions in the record, but the appeal is on the record proper, and it does not appear under what title plaintiff claimed, or what damages he suffered, this court will not review an allowance of damages for detaining property on the grounds that the holder of a tax title cannot recover damages for the detention accruing before judgment of possession. Section 3839, Code 1907.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Ejectment by L. Sternfeld against Charles P. Soulis and another. There was default judgment for the lands sued for, and a sum awarded as detention damages. The defendant appeals on the record. Affirmed.

HILL, HILL, WHITING & STERN, for appellant. One holding by tax title can recover mesne profits or damages only from the time the title is cast on the plaintiff.—*Brewster v. Buckholst,* 3 Ala. 20. On the face of the complaint therefore, the judgment should have been for the possession of the land only.—*Pulliam v. Schimpf,* 109 Ala. 182; *St. Clair v. Smith,* 112 Ala. 347.

EVANS & PARRISH, for appellee. The allegations of the complaint are in strict conformity to section 2308. Code 1907. A judgment will not be arrested, annulled or set aside for any matter not previously objected to if the complaint contains a substantial cause of action. —Sec. 4143, Code 1907. The recovery was authorized under the statute.—Section 2303, and 2389, Code 1907.

MAYFIELD, J.—This appeal is on the record proper, from a judgment by default in a statutory action in the nature of ejectment. The complaint, in the main, is in statutory form, and claims $500 damages for the detention of the lands sued for, and, in addition, avers that plaintiff claims under a tax sale of June 26, 1911.

The contention of the defendants is thus stated by their counsel in brief: "Appellants contend that, while the holder of a tax certificate may after six months bring ejectment against the party in possession of the property, yet this right of bringing this action does not give the right to rents, profits, or damages for detention accruing *before* the judgment for the *possession* is obtained. In other words, the tax sale purchaser has no right to make the owner of the property, or his tenants, pay to him rents or damages for detention. The right of the tax sale purchaser to the rents and profits from the property does not arise until he gets the lawful possession of the property. Mesne profits or damages are recoverable only from the time *title* is cast on the plaintiff."

It is not necessary to either affirm or deny the correctness of the propositions of law contended for by appellant's counsel. It is sufficient to say that these questions are not raised by the record on this appeal, and we do not know that they were considered or decided in the lower court. The error into which appellants have fallen is in supposing that the mere fact that plaintiff added to his complaint the averment that he claimed under a tax sale precluded or estopped him from claiming under any other or different title. This additional averment was evidently made in virtue of section 2308 of the Code, in order to save plaintiff from entire loss, as for taxes paid, etc., if he should be cast in the suit.

Such averment does not limit the plaintiff's claim to a tax title only.

There being no bill of exceptions, we cannot know what other title plaintiff showed, nor what damages he suffered on account of the defendant's wrongful detention of the premises. The statute also allows mesne profits, waste, etc., to be recovered as a part of the damages.—Code, § 3839. The last clause of that section reads as follows: "The plaintiff may recover in this action mesne profits and damages for waste, or any other injury to the lands, as the plaintiff's interests in the lands entitle him to recover, to be computed up to the time of the verdict." It is therefore impossible for us to know that the damages recovered were erroneous or excessive.

The recitals in the judgment as to damages (the sole ground of objection urged) are as follows: "The damages for the detention of said lands being uncertain, let a jury come and assess the same, and thereupon came a jury of 12 good and lawful men, composed of A. J. Kaufman and 11 others, who being impaneled and sworn to execute the writ of inquiry as to such damages, and a true verdict render according to the evidence, and having heard the evidence and the charge of the court, say on their oaths: 'We, the jury, assess plaintiff's damages for the detention of the lands sued for at $233.' It is therefore further considered by the court, and it is the order and judgment of the court, that the said plaintiff have and recover of said defendants $233 as damages for the detention of said land, as fixed by the jury, and also the costs of this suit. For the possession of said land, and damages and cost, let execution issue."

We know of no authority which would authorize us, on this state of the record, to reverse or revise this

[Medley, et al. v. Shipes, et al.]

judgment on account of the damages awarded, which, so far as we can know from this record, is in all things correct.

Affirmed.

SIMPSON, SOMERVILLE, and McCLELLAN, JJ., concur in the conclusion. SAYRE, J., concurs in the opinion and the conclusion.