# Rudder *v.* The State.

## *Murder.*

(Decided February 9, 1915.  67 South. 738.)

1. *Charge of Court; Covered by Those Given.*—It is not error to refuse charges substantially covered by written charges given.

2. *Criminal Law; Trial; Verdict.*—Where a juror stated that he agreed to the verdict, but that it was not what he wanted, as he desired a lighter punishment, the court properly received the verdict, as section 7315, Code 1907, only authorizes the jury to be sent out for further deliberation when one or more of the jurors denies that the verdict is his.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Oscar Rudder was convicted of manslaughter in the first degree and he appeals.  Affirmed.

JOHN B. TALLEY, for appellant.  No brief reached the Reporter.

R. C. BRICKELL, Attorney General and W. L. MARTIN, Assistant Attorney General, for the State.

PELHAM, J.—The defendant was tried on an indictment charging murder in the second degree, and convicted of manslaughter in the first degree, and his punishment fixed at ten years' imprisonment in the penitentiary.

The bill of exceptions recites that it contains, "in substance, all the tendencies of the evidence."  The evidence set out is sufficient to show the commission of the grade of the offense as ascertained by the jury and the defendant's guilty agency as the person criminally responsible. No ruling of the court on the admission or

rejection of evidence is shown by the bill. The only written charge refused to the defendant, and numbered 10 in the transcript, is fully covered by given charges Nos. 2 and 8.

The objection made by the defendant to the court's receiving the verdict is without merit. The statement made by the juror Hess upon the polling of the jury that he agreed to the verdict, but that it was not what he wanted, as he did not approve of the penalty being placed so high, was no more than a statement that, while he had preferred fixing a lighter sentence, he submitted to it and acquiesced in and agreed to the verdict. Even though a juror at first answers evasively, if he finally acquiesces in and agrees to it, this is sufficient to show that it is his verdict.—*McAlpine v. State,* 117 Ala. 93, 23 South. 130. In answer to the court's questions, this juror stated without qualification that he agreed to the verdict. The answer of the juror, expressing an agreement to the verdict, showed it to be his verdict, and thus it became the joint verdict of the entire jury. The statute (Code, § 7315) only authorizes the jury to be sent out for further deliberation when one or more of the jurors answers in the negative, and an answer by the juror that he agrees to the verdict is sufficient to make it appear that it was his verdict.—*Winslow v. State,* 76 Ala. 42.

Affirmed.