# Bails v. The State.

## Larceny.

(Decided June 8, 1915.  69 South.  250.)

1. *Larceny; Identification.*—The identification of the property is a fact essential to make out the charge of larceny.

2. *Same: Evidence; Res Gestae.*—Where the prosecution was for the larceny of a saw, and in the presence of defendant, a witness identified the saw in question as the property stolen, a statement by another witness to defendant, "Bails, what have you got to say to that," and the answer of defendant, "Well, I tell you, Mr. F., you just let them have the saw, and I will go right after that fellow that I got it from: I sho will make him do about," was admissible as part of the res gestate as to the identity of the saw found with that alleged to have been stolen.

3. *Trial: Polling Jury; Answer.*—Where the jury was being polled an affirmative nodding of the head by one of the jurors and his statement, "I consented to it," in response to an inquiry by the court as to whether it was his verdict, was a sufficient indication that he agreed to and acquiesced in the verdict.

4. *New Trial; Criminal Case.*—The appellate court cannot review the action of the trial court in overruling a motion for a new trial in a criminal case, previous to the passage of the recent act on the subject.

APPEAL from Gadsden City Court.

Heard before Hon. JAMES A. BILBRO.

Marion Bails was convicted of larceny, and he appeals. Affirmed.

McCORD & DAVIS, for appellant.

W. L. MARTIN, Attorney General, and W. H. MITCH-ELL, Assistant Attorney General, for the State.

BROWN, J.—(1, 2) The testimony of the witness Fullington as to the statement made by Cartledge in the presence and hearing of the defendant at the depot while Cartledge was identifying the saw in question as the property stolen from Brasseale's mill, in connection with the question of the witness to the defendant referring

18—13

to the statement of Cartledge, "Bails, what you got to say to that?" and defendant's answer to this question, to wit, "Well, I tell you, Mr. Fullington; you just let them have the saw, and I will go right after that fellow that I got it from; I'll sho make him do about," was necessary to make clear the purport and meaning of the question of the witness and defendant's answer, which was, in effect, an admission of the identity of the saw found at the depot with the property alleged to have been stolen. The identification of the property was a fact essential to the state's case.—Underhill on Criminal Evidence, § 296.

"Whenever evidence of an act is in itself competent and admissible as a material fact in the case, and is so admitted, the declarations accompanying and characterizing such act become and form a part of the res gestæ of the act, and, as such, are competent and admissible in evidence as being explanatory of the act."—*Campbell v. State,* 133 Ala. 87, 31 South. 804, 91 Am. St. Rep. 17; *Maddox v. State,* 159 Ala. 53, 48 South. 689; *Harris v. State,* 177 Ala. 22, 59 South. 205.

(3) On a poll of the jury one of the jurors, in response to the question propounded by the court, "Is that your verdict?" answered by a nod of the head in the affirmative, and added, "I consented to it." This was sufficient to indicate that this juror agreed to and acquiesced in the verdict.—*McAlpine v. State,* 177 Ala. 93, 23 South. 130; *Rudder v. State,* 12 Ala. App. 72, 67 South. 738.

(4) This court will not review the action of the trial court in overruling motion for new trial in a criminal case.—*Burrage v. State,* 113 Ala. 108, 21 South. 213; *Dorsey v. State,* 107 Ala. 157, 18 South. 199.

There is no error in this record, and the judgment is affirmed.

Affirmed.