(124 So. 392)

## MARTIN v. STATE. (8 Div. 826.)

Court of Appeals of Alabama. June 29, 1929.

Rehearing Denied Oct. 8, 1929.

Thos. C. Pettus, of Athens, for appellant.

Charlie C. McCall, Atty. Gen., and W. M. Rayburn, Asst. Atty. Gen., for the State.

RICE, J. Appellant was convicted of the offense of burglary, and his punishment fixed at imprisonment in the penitentiary for a term of not less than six nor more than eight years.

We have carefully read the entire record, but deem it unnecessary to mention here any other questions than those discussed by the able counsel representing appellant on this appeal, in his brief.

■ There was no impropriety in receiving the verdict of the jury because of the, at first, evasive answer of one of the jurors as to its being "his verdict." The court was fully authorized to find, from the examination of said juror on the poll, that the verdict returned represented his convictions. When this is true, the verdict is sufficient and will be received. McAlpine v. State, 117 Ala. 93, 23 So. 130; Rudder v. State, 12 Ala. App. 72, 67 So. 738. And see Moss v. State, 152 Ala. 30, 44 So. 598; Bails v. State, 13 Ala. App. 273, 69 So. 250; and Brown v. State, 141 Ala. 80, 37 So. 408.

■ Even though one of the jurors, while the jury were deliberating on the case, may be shown to have "called out" the name of another venireman serving during that week of court, but not on the jury trying appellant, we are not persuaded that this would authorize testimony concerning things said and done, during such deliberation, between the jurors trying this case. We find no error of a legally prejudicial nature in any of the rulings on the hearing of appellant's motion for a new trial, nor, for that matter, in any other ruling in the case; and the judgment of conviction is affirmed.

Affirmed.