THE STATE OF OHIO, APPELLEE, *v.* BROWN, APPELLANT.

(No. 4386—Decided October 14, 1953.)

*Mr. Alva J. Russell*, prosecuting attorney, and *Mr. Gilbert A. Hartz*, for appellee.

*Mr. O. H. Corvington*, for appellant.

HUNSICKER, J. In this appeal on questions of law, the appellant, Harold D. Brown, complains that there was error prejudicial to his substantial rights committed by the trial court, when such court accepted a verdict of guilty of a criminal offense that was not the unanimous verdict of the jury.

Harold D. Brown was tried on an indictment which con-

tained three counts. The judgment shows that he was found guilty of one count, and not guilty of the other two counts.

The jury, after deliberation, was returned to the trial court, and the foreman announced that they had reached a verdict of guilty on the first count of the indictment and not guilty as to the other two counts. Counsel for the defense then asked that the jury be polled. The clerk of courts proceeded to call the roll of jurors, and upon inquiry of juror No. 2, a Mrs. Ethel Fenner, the following matter took place:

"Mr. Bender: Ethel Fenner, is this your verdict?

"Ethel Fenner: May I tell the truth?

"Mr. Corvington: Yes.

"Ethel Fenner: I went with the rest because I was the only one left.

"Mr. Corvington: Move that the jury—

"Ethel Fenner: I told them this would happen. I can't help it.

"The Court: Wait a minute. You haven't any right to tell it at all.

"Ethel Fenner: I am on my conscience—

"The Court: That is all right. You haven't any right to tell at all.

"Mr. Bender: You should answer 'yes' or 'no.' I asked first—

"The Court: Wait a minute. Is this your verdict on count number one, and not guilty of counts two and three?

"Mr. Corvington: Your Honor, I move to permit her to tell what happened.

"The Court: No. No, not entitled to tell what happened. No. She hasn't any right to tell what happened.

"Mr. Corvington: If it isn't her verdict, do you want her to so state?

"The Court: I want her to state.

"Ethel Fenner: Yes, but I have told you—

"The Court: All right. It is. It either is or isn't.

"Mr. Corvington: Were you forced to give—

"Mr. Vuillemin: I object.

"The Court: Now, listen, you haven't any right to ask those questions.

"Mr. Corvington: Your Honor, she is expressing—

"The Court: You haven't any right to ask.

"Mr. Corvington: She is expressing it is not her verdict.

"The Court: I don't care what she is expressing. You would never have a verdict of a jury if you were permitted to do what you are trying to do. You have asked for a poll. I am going to get a poll.

"Mr. Corvington: Pardon me, please. Let the record show that this lady, number two, whatever her name is, indicated to the court while crying or busting out in tears that she want to tell the court she have told them—."

The other jurors were asked if it was their verdict, and they all answered in the affirmative. Then the following occurred:

"Mr. Corvington: Just a moment, Your Honor, I move that said juror number two be permitted to state to you just what she was going to state, that is, that she voted 'yes' for guilt, but it is not her verdict. That is what she wants to tell. I think she should be permitted to let the record show that. This is a serious—

"The Court: I do not expect to ask the juror that. I do not think I have any right to.

"Mr. Corvington: Will you let her tell?

"The Court: No.

"Mr. Corvington: She begged to let—she indicated undue force was used on her. She isn't crying for nothing.

"The Court: The court will accept your verdict. The jury is discharged. Thank you for your services."

The appellant, Harold Brown, asks this court to reverse the judgment of guilt as to the first count of the indictment, for the reason that a unanimous verdict was not returned by the jury, as required in a criminal case.

The general rule with respect to the conduct of the trial when a verdict is received, where there is a matter of dissent indicated by one or more of the jurors, is stated in 53 American Jurisprudence, Trial, Section 1019, as follows:

"A juror may dissent from a verdict to which he has agreed in the jury room when polled or at any time before the verdict is received and entered. In such a case the verdict may not be received, and it is generally held that the jury should be sent out

to deliberate further, although there is also authority to the effect that under such circumstances the court must declare a mistrial. However, since unanimity in the verdict of the jury is recognized by law, the dissent of one juror, when the jury is polled, is as fatal as that of all, and a new trial must be awarded where the verdict is received after such dissent.

"Even though the verdict has been sealed, a juror may dissent from it on poll. Likewise, in criminal cases, it has been held that a juror, after agreeing to a verdict, may change his mind on poll."

See also: 49 A. L. R., 1301, annotation, and 164 A. L. R., 1276, annotation.

The Ohio statute permitting a poll of the jury in a criminal case adopts the majority rule. This statute—Section 13448-5, General Code—says:

"When the jurors agree upon their verdict, they must be conducted into court by the officer having them in charge.

"Before such verdict is accepted, the jury may be polled at the request of either the prosecuting attorney or the defendant; if, upon such jury being polled, one or more of the jurors shall declare said verdict not to be his verdict, the jury must further deliberate upon the case."

It is apparent from what transpired at the time the jury was polled that the court required a "yes" or "no" answer to the question "Is this your verdict?" Mrs. Fenner sought to explain or to discuss the reasons for her vote. The trial court refused to accept the explanation, or such other matter as Mrs. Fenner desired to state, and concluded from what she did say that she had given an affirmative answer to the question propounded by the clerk of courts. The verdict was received as a unanimous verdict, and judgment entered accordingly.

In the case of *Emmert* v. *State*, 127 Ohio St., 235, at p. 236, 187 N. E., 862, 90 A. L. R., 242, a similar situation arose at the time the jury was polled. In that case, although there was a discussion with two women jurors, each answered finally, definitely and in the affirmative that the verdict was her verdict.

We think it proper not to allow a juror to explain or give reasons for his or her vote. We also think it essential in the poll of a jury in a criminal case that there be no question that an

affirmative vote is recorded. A juror may, after coming into court, change his vote, and so express himself to the court when the poll is taken. 49 A. L. R., 1301, *supra*, and criminal cases cited on p. 1302. *Groves* v. *State*, 162 Ga., 161, 132 S. E., 769.

A juror should show, by direct statement, that the verdict is his true vote on the issue, but it is not wrong for the trial court to interrogate the juror to make clear such juror's answer when, upon poll, there is a doubt as to the vote being given. *State* v. *Lewis*, 59 Nev., 262, 91 P. (2d), 820. *Martin* v. *State*, 23 Ala. App., 281, 124 So., 392.

In the instant case there was no such unequivocal assent to the verdict as is necessary to show that the jury as a body had arrived at a unanimous belief beyond a reasonable doubt of the guilt of the accused. From the record before us, it appears that Mrs. Fenner was desirous of changing her vote, as she had a right to do, or, that she still entertained a doubt about the propriety of conviction.

The trial court should have directed the jury to return to the jury room for further deliberation, as provided for by the statute. When the trial court failed to follow the procedure outlined by Section 13448-5, General Code, error prejudicial to the substantial rights of the appellant intervened.

The judgment is reversed, and the cause remanded for further proceedings.

*Judgment reversed and cause remanded.*

DOYLE, P. J., and STEVENS, J., concur.