[Cite as *State v. Wilcoxin*, 2018-Ohio-1322.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2017-CA-58 |
| | : | |
| v. | : | Trial Court Case No. 17-CR-158 |
| | : | |
| LANCE A. WILCOXIN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 6th day of April, 2018.

. . . . . . . . . .

DANIEL DRISCOLL, Atty. Reg. No. 0074787, Clark County Prosecutor's Office, Appellate Division, 50 E. Columbia Street, P.O. Box 1608, Springfield, Ohio 45501
        Attorney for Plaintiff-Appellee

SAMANTHA L. BERKHOFER, Atty. Reg. No. 0087370, 202 N. Limestone Street, Suite 250, Springfield, Ohio 45502
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Lance A. Wilcoxin appeals from his conviction and sentence on one count of aggravated robbery with a firearm specification.[1]

{¶ 2} In his sole assignment of error, Wilcoxin contends the trial court erred in overruling his motion to suppress a witness' identification of him in a photospread. He argues that the photospread was unduly suggestive.

{¶ 3} The record reflects that Wilcoxin was one of two people who stole a cell phone at gunpoint from a student who was leaving a public library. The victim described one of the perpetrators as a white male with dreadlocks and a "teardrop" facial tattoo. (Suppression Tr. at 10). Springfield detective Sandra Fent, the only witness at the suppression hearing, testified that she prepared a photospread containing a picture of Wilcoxin, who had been identified as a suspect, and five other people. To create the array, Fent entered various physical characteristics into a program to produce a computer-generated list of pictures. She then went through the pictures to find five photographs of people who were most similar in appearance to Wilcoxin. (*Id.* at 6-8). A blind administrator who knew nothing about the case showed the six-person photospread to the victim, who identified Wilcoxin as one of the people who robbed her. (*Id.* at 9, 12).

{¶ 4} Following Fent's testimony, defense counsel argued that the photospread was unduly suggestive because Wilcoxin was the only person pictured who had a facial tattoo. (*Id.* at 16-17). The trial court rejected this argument and overruled Wilcoxin's motion to suppress the victim's identification. It reasoned:

---

[1] At various places in the record, the appellant's last name is spelled "Wilcoxin," "Wilcoxen," and "Wilcoxon." For present purposes, we will use "Wilcoxin," which is the spelling found in the judgment entry on appeal. (Doc. #20).

The court finds that the presentation of the array to the victim was not suggestive in any way. SPD acted in accordance with the procedures outlined in Section 2933.83 of the Ohio Revised Code and 6.75 of SPD Procedure. Specifically, the photo array was presented to the witness by a blind administrator as defined in Section 2933.83(A)(2) of the Ohio Revised Code.

While the array itself may be somewhat suggestive since the defendant is the only person depicted with a teardrop tattoo, the Court finds that it was not so impermissibly or unduly suggestive as to give rise to a very substantial likelihood of misidentification. All six photographs depict males of somewhat similar age with light complexions, dark hair, and dark eyes. Five of the six photographs, including that of the defendant, depict facial hair and three of the six, including that of the defendant, depict dreadlocks or similarly looking braided hair. Furthermore, the teardrop tattoo on the defendant is not accentuated but barely visible.

The Court finds that Detective Fent, given the unique limitations placed upon her in this case, created a fair photo array that did not violate the defendant's right to due process.

While the defendant raises a potential reliability issue as to the resulting identification, the Court need not address it here because it goes to the weight of the identification and not its admissibility. * * *

(Doc. #16 at 2).

{¶ 5} On appeal, Wilcoxin reiterates his argument about the photospread being

unduly suggestive because he was the only person depicted with a facial tattoo. He also asserts that he was the only person shown wearing a "dreadlocks" hairstyle. Finally, he relies on portions of the trial testimony to argue that the victim's identification of him as one of the perpetrators was not reliable.

{¶ 6} "When a witness has been confronted with a suspect before trial, due process requires a court to suppress the witness's identification of the suspect if the confrontation was unnecessarily suggestive of the suspect's guilt and the identification was unreliable under the totality of the circumstances." *State v. Harris*, 2d Dist. Montgomery No. 19796, 2004-Ohio-3570, ¶ 19. "The defendant must first show that the identification procedure was unduly suggestive. If the defendant meets that burden, the court must then consider whether the identification, viewed under the totality of the circumstances, is reliable despite the suggestive procedure. If the pretrial confrontation procedure was not unfairly suggestive, any remaining questions as to reliability go to the weight of the identification, not its admissibility, and no further inquiry into the reliability of the identification is required." (Citations omitted.) *Id.*

{¶ 7} The defendant "bears the burden of showing that the identification procedure was 'so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification' and that the identification itself was unreliable under the totality of the circumstances." *State v. Sherls*, 2d Dist. Montgomery No. 18599, 2002 WL 254144, *2 (Feb. 22, 2002), quoting *Neil v. Biggers*, 409 U.S. 188, 199, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). "We review a trial court's refusal to suppress a pretrial identification for an abuse of discretion." *State v. Harmon*, 2017-Ohio-8106, __ N.E.3d __, ¶ 22 (2d Dist.), citing *State v. Wilson*, 2d Dist. Montgomery No. 22624, 2009-Ohio-1038, ¶ 19.

{¶ 8} Upon review, we see no abuse of discretion in the trial court's suppression ruling. The photo array is part of the record, and we have examined it. The array contains photographs of six young men of similar age, hair color, eye color, and skin tone. The photographs have similar backgrounds, and the men are dressed similarly. The small tattoo about which Wilcoxin complains is neither prominent nor a significant facial feature. Although the mark is visible, it is not clear, given the quality of the photographs, that it even is a tattoo. We note too that at least one of the other subjects, the person in the top row on the far right, has a similar-appearing mark on his cheek.

{¶ 9} In any event, there is no requirement that subjects in a photospread "bear no differing marks or blemishes." *State v. Gordon*, 10th Dist. Franklin No. 10-AP-1174, 2011-Ohio-4208, ¶ 31, citing *State v. Green*, 67 Ohio App. 3d 72, 79, 585 N.E.2d 990 (8th Dist.1990); *see also State v. Frazier*, 2016-Ohio-727, 60 N.E.3d 633 (2d Dist.) (finding a photospread not unduly suggestive despite the fact that the defendant was the only person with tattoos all over his face); *Roussell v. Caldwell*, No. CV 17-846, 2017 WL 2790701, *7 (E.D. La. June 7, 2017), *report and recommendation adopted*, No. CV 17-846, 2017 WL 2778207 (E.D. La. June 26, 2017) ("Although the defendant was the only person in the photograph display with a facial tattoo, all had facial hair or other facial characteristics that resembled the defendant's description. From the defendant's photo, the mark below his eye is not distinguishable as a 'teardrop tattoo.' To require that the photographic display include other persons who look similar to the defendant and have a 'teardrop tattoo' is unreasonable. We find that the photographic display was not unduly suggestive."); *United States v. Lang*, No. 06-30124, 2007 WL 1725548, *10 (5th Cir. June 14, 2007) ("Lee's argument that the fact that the police lineup from which numerous

witnesses selected Lee contained no other photographs of a man with a tattoo on his face makes it impermissibly suggestive is similarly unavailing. The government is not required to fill a lineup with other photos of men of roughly Lee's age, hair, and skin tone, all of whom have tattoos on their faces. As we have noted, '[p]olice stations are not theatrical casting offices; a reasonable effort to harmonize the lineup is normally all that is required.' *Swicegood v. Alabama*, 577 F.2d 1322, 1327 (5th Cir.1978) (quoting *United States v. Lewis*, 547 F.2d 1030, 1035 (8th Cir.1976)). Disparity in physical appearance among the lineup photos is not enough to render an identification suggestive."); *Bennett v. State*, 223 Md. App. 768, 2015 WL 5893595, *6 (2015) ("Although the [teardrop] tattoo may somehow distinguish appellant from his neighbors in the array, it is not sufficient to brand the array as unduly suggestive. Maryland courts have not specifically considered the impact of teardrop tattoos on photographic array procedures, but they have considered similar markings and found them not to be suggestive.").

{¶ 10} Wilcoxin also complains about being the only person pictured wearing "dreadlocks." Although two other men are shown with a similar hairstyle, Wilcoxin contends they are wearing "cornrows" or "braids." Having reviewed the photographs, however, we note that the hairstyles are quite similar. Because we believe the six photographs are substantially alike, the trial court reasonably concluded that the photospread was not unduly suggestive.

{¶ 11} Finally, Wilcoxin cites portions of the trial testimony to argue that the victim's identification of him was unreliable. "No inquiry concerning the reliability of identification evidence is necessary, however, when there is no basis to conclude that it was the product of an impermissibly suggestive confrontation procedure." *State v. White*, 2d Dist.

Montgomery No. 20324, 2005-Ohio-212, ¶ 48. Therefore, the trial court correctly declined to address Wilcoxin's argument about reliability of the victim's identification in its suppression ruling.

{¶ 12} The assignment of error is overruled, and the judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and TUCKER, J., concur.

Copies mailed to:

Daniel Driscoll
Samantha L. Berkhofer
Hon. Douglas M. Rastatter