DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Gregory J. Boyd, appeals from his conviction in the Summit County Court of Common Pleas for robbery. We affirm.
 I. {¶ 2} On December 2, 2003, the Summit County Grand Jury indicted Mr. Boyd on one count of robbery, in violation of R.C.2911.02(A)(3), a third degree felony. Mr. Boyd pled not guilty to the charge, and the matter was set for a jury trial.
 {¶ 3} On May 13, 2004, Mr. Boyd filed a demand for discovery that included a request for the State's witness list pursuant to Crim.R. 16(B)(1)(e). On May 20, 2004, the first day of trial, Mr. Boyd filed a motion in limine seeking in part to bar the State from using any witnesses not presented to defense counsel via a witness list; Mr. Boyd asserted that the State was required to provide him with this list pursuant to Crim.R. 16 but that it failed to do so. In open court before trial commenced, the parties discussed the motion. The State noted to the court that a witness list had been prepared and placed in the file, which was subject to open discovery. The court ruled to allow the witnesses to testify, effectively denying Mr. Boyd's motion in limine.
 {¶ 4} A jury found Mr. Boyd guilty of robbery, and the trial court sentenced him accordingly. This appeal followed. Mr. Boyd timely appealed, asserting three assignments of error for review.
 II. A. First Assignment of Error
"The trial court erred by permitting the state to call witnesses when it did not comply with defendant's discovery request for a witness list."
 {¶ 5} In his first assignment of error, Mr. Boyd contends that the trial court erred by allowing the State to call witnesses when it did not comply with defendant's discovery request for a witness list. Specifically, Mr. Boyd contends that the fact that the prosecutor did not either send a copy of the prepared witness list or contact defense counsel to inform him of the list's existence was in violation of Crim.R. 16.
 {¶ 6} Our careful review of the transcript of the trial reveals that Mr. Boyd's counsel raised this challenge to the presentation of witnesses through a motion in limine before trial, but that Mr. Boyd's counsel failed to object to the presentation of the witnesses' testimony during trial. While the court in this case effectively denied Mr. Boyd's motion, a ruling on a motion in limine is an interlocutory ruling as to the potential admissibility of evidence at trial and cannot serve as the basis for reviewing error on appeal. State v. Grubb (1986),28 Ohio St.3d 199, 201-02. Since a ruling on a motion in limine is only preliminary, an objection to such evidence must be raised once the evidentiary issue is presented during trial in order to properly preserve the question for appeal and to avoid a waiver of such a challenge. State v. Maurer (1984), 15 Ohio St.3d 239,259-60.
 {¶ 7} Because we do not find that Mr. Boyd's counsel made such a pertinent objection as the testimony was actually presented at trial, Mr. Boyd has failed to preserve this issue for appeal, and this failure constitutes of waiver of a challenge to this evidentiary issue.
 {¶ 8} Mr. Boyd's first assignment of error is overruled.
 B. Second Assignment of Error
"The trial court erred in finding the jury unanimous when one of the jurors indicated upon polling that he agreed with the verdict because he knew he had to go along with the other jurors."
 {¶ 9} In his second assignment of error, Mr. Boyd contends that the trial court erred in accepting the jury's verdict. Mr. Boyd asserts that the statements of the fourth juror during juror polling indicates that the verdict was not his own, but was entered simply to comply with the other jurors' verdicts. Mr. Boyd asserts that at this point the trial court was required to make the jury deliberate further. We disagree.
 {¶ 10} An appellate court reviews a court's acceptance of a jury's verdict under an abuse of discretion standard. State v.Brumback (1996), 109 Ohio App.3d 65, 73. We will not disturb the trial court's ruling unless it has exhibited an "unreasonable, arbitrary, or unconscionable" attitude. State v. Lowe (1994),69 Ohio St.3d 527, 532.
 {¶ 11} Crim.R. 31(D) provides that upon the motion of a party or upon a trial court's own initiative, the court is to poll a jury when a verdict is returned. R.C. 2945.77 also provides for the polling of the jury after the verdict to determine whether it is unanimous. In the event that a juror declares that a verdict is not his own, the court may direct further deliberations or discharge the jury, per Crim.R. 31(D). R.C. 2945.77 requires the jury to deliberate further if a juror contradicts his own verdict.
 {¶ 12} If doubt exists as to whether a juror agreed to the verdict, the trial court may interrogate the juror to clarify his answer. State v. Brown (1953), 110 Ohio App. 57, 61. "If interrogation, without coercion or undue pressure, results in rehabilitation of the juror's verdict, the trial court may accept the verdict as the jury's true ascertainment of the defendant's guilt." Brumback, 109 Ohio App.3d at 72-73, citing Emmert v.State (1993), 127 Ohio St. 235, 237-38.
 {¶ 13} In this case, the trial court polled each juror to confirm the verdict. The fourth juror, while not actually contradicting his guilty verdict, had the following discourse with the court:
"THE COURT: Juror No. 4, is this guilty verdict your verdict as well?
"JUROR NO. 4: Yeah, I guess. Yes.
"THE COURT: Yes?
"JUROR NO. 4: Yes.
"THE COURT: Do you agree with the verdict that —
"JUROR NO. 4: Well, I know I had to go along with them, yes.
"THE COURT: Do you agree that this man is guilty? Yes, or no?
"JUROR NO. 4: Well, yes, I guess. Yes.
"THE COURT: All right. I see your — is this your signature on the form?
"JUROR NO. 4: Yes, ma'am.
"THE COURT: All right. Thank you."
 {¶ 14} We find that the trial court in this case conducted a sufficient inquiry into the fourth juror's verdict based on the answers given by the juror. While we do note that it may be preferable to conduct such an inquiry apart from the other jurors (in chambers or otherwise), away from any pressure or social coercion, the fact that the trial court did not do so in this case does not in any way render the court's acceptance of the jury's verdict invalid. We cannot conclude that the trial court's acceptance of the jury's verdict was arbitrary, unreasonable, or unconscionable, and therefore, find that the trial court did not abuse its discretion. See Lowe, 69 Ohio St.3d at 532.
 {¶ 15} Mr. Boyd's second assignment of error is overruled.
 C. Third Assignment of Error
"The defendant was denied the effective assistance of counsel and his conviction was in violation of his sixth amendment right to counsel."
 {¶ 16} In his third assignment of error, Mr. Boyd asserts that he was denied effective assistance of counsel. We disagree.
 {¶ 17} A criminal defendant is guaranteed a right to the effective assistance of counsel by the Sixth Amendment. SeeMcMann v. Richardson (1970), 397 U.S. 759, 771, 25 L.Ed.2d 763. A two-step process is employed in determining whether the right to effective counsel has been violated:
"First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington (1984),466 U.S. 668, 687, 80 L.Ed.2d 674.
In demonstrating prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. In addition, the court must evaluate "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 690.
 {¶ 18} The defendant has the burden of proof, and must overcome the strong presumption that counsel's performance was adequate and that counsel's action might be sound trial strategy.State v. Smith (1985), 17 Ohio St.3d 98, 100. Furthermore, an attorney properly licensed in Ohio is presumed competent. Statev. Lott (1990), 51 Ohio St.3d 160, 174. "Ultimately, the reviewing court must decide whether, in light of all the circumstances, the challenged act or omission fell outside the wide range of professionally competent assistance." State v.DeNardis (Dec. 29, 1993), 9th Dist. No. 2245.
 {¶ 19} This Court does not need to address these elements in any particular order; if we conclude that prejudice to the defendant did not result from defense counsel's actions or omissions, then we need not address whether counsel's actions or omissions were actually deficient. See Bradley,42 Ohio St.3d at 143.
 {¶ 20} Mr. Boyd argues that his trial counsel was ineffective for not having objected when the trial court accepted the fourth juror's verdict without further inquiry. When the trial court asked the fourth juror to confirm the guilty verdict several times, the juror did confirm the verdict, but did so hesitantly. However, given the nature of the fourth juror's answer, we cannot say that, had there been further inquiry into the juror's verdict, there was a reasonable probability that the juror would have disavowed his answer. See id. at paragraph three of the syllabus. Furthermore, speculation as to a possible change in a juror's verdict will not serve to establish prejudice. See, generally, State v. Ramos, 9th Dist. No. 21286, 2003-Ohio-2637, at ¶ 22.
 {¶ 21} Therefore, we find that Mr. Boyd has failed to establish that he was prejudiced by his trial counsel's failure to object to the fourth juror's verdict. See Strickland,466 U.S. at 687; Bradley, 42 Ohio St.3d at 143.
 {¶ 22} Mr. Boyd's third assignment of error is overruled.
 III. {¶ 23} Mr. Boyd's first, second, and third assignments of error are overruled. Mr. Boyd's conviction in the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., Slaby, J., concur.