OPINION
{¶ 1} Defendant-appellant, Steven Thevenin ("appellant"), moves this court pursuant to App. R. 26(A) to reconsider our decision in Columbus v. Thevenin, 10th Dist. No. 05AP-879,2006-Ohio-4714. Therein, we affirmed the judgment of the Franklin County Municipal Court convicting appellant of operating a vehicle under the influence of alcohol and/or drugs, and driving left of center. In addition, appellant moves this court to certify a conflict pursuant to Section 3(B)(4), Article IV, of the Ohio Constitution.
 {¶ 2} We held that appellant failed to preserve for appeal the trial court's ruling on his motion in limine seeking to exclude testimony as a discovery sanction because appellant failed to raise any objection at the time the testimony was introduced. Appellant now argues this was error because although the motion was designated as a motion in limine at the time it was made, it was not actually a motion in limine.
 {¶ 3} In considering an application for reconsideration, we have stated that the proper standard for our review is whether the application "calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not considered at all or was not fully considered by us when it should have been." Columbus v. Hodge (1987),37 Ohio App.3d 68, 523 N.E.2d 515, citing Matthews v. Matthews
(1981), 5 Ohio App.3d 140, 5 OBR 320, 450 N.E. 2d 278. However, "[a]n application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court." State v.Owens (1997), 112 Ohio App.3d 334, 336, 678 N.E.2d 956, dismissed, appeal not allowed, 77 Ohio St.3d 1487,673 N.E.2d 140.
 {¶ 4} For purposes of the application to reconsider, the relevant facts are that prior to trial, appellant made what was identified as a motion in limine seeking to exclude testimony from any paramedics who treated appellant after the incident that gave rise to this case on the grounds that the State failed to properly disclose the identities of any such paramedics as required by Crim.R. 16. The trial court overruled the motion on the grounds that appellant had not filed a motion to compel. The court then admitted the testimony of Brian A. Wade, a paramedic with the Columbus Division of Fire, regarding treatment he provided after the incident. Appellant did not raise an objection at the time Wade testified.
 {¶ 5} It is well-settled that the failure to raise an objection to the admission of evidence that was the subject of a prior motion in limine acts as a waiver of any objection to the trial court's decision on that motion in limine. State v. Grubb
(1986), 28 Ohio St.3d 199, 28 OBR 285, 503 N.E.2d 142. There is no dispute that appellant's motion at the trial court was characterized as a motion in limine, and neither party argued in the appellate briefs that the motion had been mischaracterized below.
 {¶ 6} A number of courts considering the issue of imposition of sanctions for failure to comply with the Crim.R. 16 provisions regarding discovery have appeared to assume, without explicitly holding so, that the proper method of raising a motion under the rule is a motion in limine. See State v. Boyd, Summit App. 22151, 2005-Ohio-73; State v. Linscott, Athens App. 94CA1633;State v. Costa, Greene App. 98 CA 32; State v. Cheesbro,
Adams App. 95 CA 591; State v. Phillips, Allen App. 1-97-37;State v. Jonner, Mahoning App. 95 CA 78. Given these cases, and the fact that appellant characterized the motion as a motion in limine, we cannot say that it was obvious error for us to find that appellant waived his objection to the court's ruling on the motion in limine by failing to object when the testimony was introduced.
 {¶ 7} The issue for purposes of the motion for reconsideration is, therefore, whether appellant's motion raises an issue that was either not considered at all, or was not fully considered by us when it should have been. Neither party raised the issue of whether waiver of any objections to the trial court's ruling on the motion in limine occurred as the result of appellant's failure to preserve the objection to introduction of Wade's testimony at trial. In our opinion, we stated that the question arose from our own review of the record. The parties, although having been in a position to recognize the same procedural flaw in the record, did not argue the issue. Under this unique set of circumstances, reconsideration may be appropriate in this case.
 {¶ 8} The purpose of a motion in limine is to "avoid error, prejudice, and possibly a mistrial by prohibiting opposing counsel from raising or making reference to an evidentiary issue until the trial court is better able to rule upon its admissibility outside the presence of the jury once the trial has commenced." State v. Grubb (1986), 28 Ohio St.3d 199,503 N.E.2d 142, at 145. Thus, a court's ruling on a motion in limine is preliminary in nature, and is subject to change if the circumstances of the case dictate that the ruling be changed.
 {¶ 9} A motion seeking exclusion of a witness as a sanction for a violation of Crim.R. 16 is not of this nature. Exclusion of a witness as a sanction does not serve the purpose of limiting inquiry into a given subject pending developments in the trial that will determine the admissibility or inadmissibility of the witness's testimony. Nor would exclusion of a witness as a sanction generally constitute a preliminary ruling subject to change depending upon subsequent developments at trial.
 {¶ 10} Upon review, we find that a motion to exclude witnesses as a sanction for the State's violation of Crim.R. 16 is not a motion in limine, even when characterized as such at the time the motion is made. See State v. Kealiher, Ross App. 99CA2484. Thus, when a trial court denies a motion seeking exclusion of witnesses as a sanction, failure to raise a subsequent objection does not operate as a waiver to having the court's decision considered on appeal.
 {¶ 11} Therefore, we grant appellant's application for reconsideration, and overrule, as moot, appellant's motion to certify a conflict to the Supreme Court. Having done so, we will now proceed to consider appellant's first assignment of error.
 {¶ 12} In his first assignment of error, appellant argued that:
The trial court erred in finding that the state was not required to provide discovery because Appellant, who had filed a request for discovery, had not filed a motion to compel.
 {¶ 13} Appellant and appellee agree that the trial court erred when it ruled that appellant was required to file a motion to compel, as Crim.R. 16 does not require the filing of such a motion. City of Lakewood v. Papadelis (1987), 32 Ohio St.3d 1,511 N.E.2d 1138. Crim.R. 16(E)(3) provides that:
If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances.
 {¶ 14} In the event of a violation of Crim.R. 16, a trial court is required to consider the circumstances of the violation, and then impose the least severe sanction consistent with the purposes of the rule. State v. Parker (1990), 53 Ohio St.3d 82,558 N.E.2d 1164. In considering the sanction necessary to satisfy the purposes of Crim.R. 16, a court must consider whether the failure to provide discovery was willful, the extent to which foreknowledge of the material in question would have benefited the defendant in the preparation of the case, and the extent of the prejudice suffered as a result of admission of the evidence.State v. Heinish (1990), 50 Ohio St.3d 231, 553 N.E.2d 1026.
 {¶ 15} In this case, nothing in the record suggests that the prosecutor's failure to provide discovery was willful. In addition, at the time the trial court erroneously concluded that appellant was required to make a motion to compel the requested discovery, the court stated that it would grant a continuance if requested by appellant in order to allow appellant the opportunity to adequately prepare for Wade's testimony. Based on the nature of the violation, granting a continuance to allow appellant to prepare for the witness would have been the sanction that would have most appropriately addressed the purposes of Crim.R. 16. Thus, although appellant did not take the court up on its offer to continue the case, the trial court appropriately dealt with the discovery violation. Therefore, the trial court's ruling that appellant was required to file a motion to compel was harmless error.
 {¶ 16} For the above-stated reasons, we overrule appellant's first assignment of error and affirm the judgment of the Franklin County Municipal Court.
Application for reconsideration granted; motion to certifyconflict moot; and judgment affirmed.
Klatt, P.J., and Bryant, J., concur.